UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STRESSLA LYNN JOHNSON,      )
                            )      2:  12-cv-01942-JO
        Petitioner,         )
                            )
    v.                      )
                            )      OPINION AND ORDER
MARK NOOTH, Superintendent, )
Snake River Correctional    )
Institution,                )
                            )
        Respondent.         )


    Stressla Lynn Johnson
    SID# 4892247
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon  97310-0505

        Petitioner Pro Se

    Ellen F. Rosenblum
    Attorney General
    Nick M. Kallstrom
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

 1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he purports to challenge the administration of his sentence on two counts of murder. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On April 8, 1993, petitioner entered an "Alford Plea" (No Contest) to two counts of Murder in case numbers C-87-10-35653 and C-88-04-31573. Respondent's Exhibit 103. The court sentenced him in accordance with this written plea agreement as follows: "life imprisonment with a minimum sentence of 22-and-a-half years. That's to be the sentence on each case. Those sentences are to run concurrently." Respondent's Exhibit 104 at 25.

Petitioner did not pursue a direct appeal, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied the petition as untimely. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. *Johnson v. Armenakis,* 153 Or. App. 124*, rev. den.,* 327 Or. 553 (1998); Respondent's Exhibit 112.

Petitioner previously filed a petition for writ of habeas corpus in this Court challenging the validity of his underlying convictions and sentence. *See Johnson v. Palmateer*, USDC Civil No.

2 - OPINION AND ORDER

99-333-AA.     The   Court   concluded   petitioner's   claims   were procedurally defaulted and denied relief on the Petition.    The Ninth Circuit affirmed that decision. *Johnson v. Palmateer*, 9 Fed. Appx. 631 (9th Cir. 2001); Respondent's Exhibits 113-15.

Thereafter, petitioner filed a petition for writ of habeas corpus in state court.    *Johnson v. Nooth*, Malheur County Circuit Court Case No. 10078210H; Respondent's Exhibit 116.    The Circuit Court dismissed the petition, concluding that the petition failed to state a claim for relief.    Respondent's Exhibits 116-142.    The Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review.    *Johnson v. Nooth*, 248 Or. App. 755, rev. den., 352 Or. 341 (2012).

On October 29, 2012, petitioner filed this action.    In his Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

> Ground One:   Petitioner was and is being denied due process and equal protection of the law secured by the Fourteenth Amendment to the United States Constitution, when the State of Oregon failed to abide[] by and fulfill the Plea agreement conditions that induced Petitioner to waive a myriad of Constitutional Rights;

> Ground Two:   The Oregon Court's ruling, the last reasoned State Court opinion in this case, resulted in a decision that violates Petitioner's rights to due process and equal protection [] as mandated by the United States Constitution Due Process Clause.

> The State court's ruling [is]:   (1) contrary to clearly established Federal Law, as determined by the Supreme Court on the   issue   of   fulfilling   plea   bargain   agreements; (2) [i]nvolved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court on

3 - OPINION AND ORDER

the issue of fulfilling plea bargain agreements; and (3) [w]as based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.   28 USC § 2254(d).

Ground Three:  Petitioner was denied the right to due process and equal protection of the law in violation of the United States Constitution Fourteenth Amendment, when the Oregon Courts used a standard of review that is in conflict with the ruling of the United States Supreme Court.   Petitioner is entitled to relief as a matter of law.

Ground Four:  Petitioner was denied the right to due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution when the Court applied an improper standard to Petitioner's claimed violation of Petitioner's Constitutional right to have the conditions of his Plea Agreement fulfilled.   Petitioner is entitled to relief as a matter of law.[1]

At core, petitioner argues that based on the parties' and the court's understanding of his plea agreement, such agreement included a term or condition that he not physically serve more than 22-1/2 years in prison.[2]  Accordingly, petitioner maintains that his Constitutional rights to due process and equal protection entitle him to release because under "the very terms of the plea agreement [he] is entitled to fulfillment of the conditions upon which [he] relied upon to waive a myriad of Federal Due Process Rights."

Respondent asks the Court to deny relief on the Petition because:   (1) the Petition is a second or successive one and

---

[1]    In his Petition [2], pp.10-16, petitioner sets forth lengthy Supporting Facts for each of his claims.

[2]  Petitioner states that under the agreement he was entitled to release on April 10, 2010.

4 - OPINION AND ORDER

petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file such a petition; (2) the Petition is untimely; (3) petitioner waived his right to collateral relief, including federal habeas corpus relief, in his state court plea agreement; and (4) all claims are without merit.

### DISCUSSION

### I.   Second or Successive Petition

#### A.   Standards

A habeas petitioner may not file a second or successive petition under 28 U.S.C. § 2254 without first obtaining authorization from a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244 (b)(3)(A)&(B).

#### B.   Analysis.

To the extent petitioner alleges in this Petition that he entered a plea that was not knowingly, intelligently or voluntary made because he was misled by counsel, the prosecution or the court, he does, in fact, challenge the validity of his underlying conviction and sentence.   Petitioner already brought claims challenging the validity of his conviction and sentence in his 1999 federal habeas action.   I note that he was aware at that time that the Oregon Board of Parole and Post-Prison Supervision ("Board") had exercised its discretion to impose what amounts to a "true

life" sentence.[3]   Accordingly, any claims alleging he did not knowingly, intelligently or voluntarily enter into the plea agreement would indeed render this Petition a second or successive one.  Given petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file such a Petition, it would be subject to dismissal for lack of jurisdiction.  Moreover, to the extent petitioner seeks to challenge the validity of his convictions and sentence based on the Board's 1993 action, the State's alternative argument that his claims are untimely, is also well taken.[4]

Nevertheless, even assuming:  (1) that the Petition is not a second or successive one in that petitioner purports to challenge the administration of his sentence, rather than its validity; and (2) that his claims are timely filed, for the reasons set forth below, I conclude that petitioner is not entitled to relief.

///

///

---

[3]  On August 25, 1993, the Board, citing "particularly violent and otherwise dangerous criminal conduct, manifesting an extreme indifference to the value of human life, denied parole. Respondent's Exhibit 105, BAF #5.  During appellate review of that decision, the Board conceded that the effect of its action on petitioner was that he would receive no further parole consideration and would effectively serve a "true life" sentence. Respondent's Exhibit 109, Respondent's Brief, p. 1.

[4]  Similarly, given the fact that petitioner has known since 1993 that the Board had exercised its discretion to essentially impose a "true life" sentence, it would appear that his so-called breach of contract claim is untimely as well.

6 – OPINION AND ORDER

## II.  **Merits**

### A.  **Standards**.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."

7 - OPINION AND ORDER

*Id.* at 413.   The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410.   The state court's application of clearly established law must be objectively unreasonable.   *Id.* at 409.   A federal habeas court reviews the state court's "last reasoned decision." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

**B.   Analysis**

As noted above, petitioner argues that his plea agreement includes a term or condition that he not physically serve more than 22-1/2 years in prison.   Specifically, he asserts that during the plea negotiations that ultimately resolved his murder cases, the prosecutor represented to the Circuit Court that the "plea agreement and contract was being designed so that Stressla Johnson would be released after physically serving 22-1/2 years."   Petition [2], p. 3.   In addition, petitioner maintains his attorney assured him that under the terms of the agreement, he would serve a maximum of 22-1/2 years with life parole.   In an affidavit dated October 5, 1999, counsel averred as follows:

* * *

3.   In 1992-1993, after Mr. Johnson's convictions were reversed, I represented Mr. Johnson at the trial level. I negotiated a plea agreement with the Multnomah County District Attorney.   Under the terms of the agreement, Mr. Johnson was to be sentenced to imprisonment for life, with a combined minimum period before parole of 22 and one-half years.

4.   I advised Mr. Johnson to accept the plea agreement. **I advised him that the maximum sentence he would serve**

8 - OPINION AND ORDER

**was 22 and one-half years less good time he earned while imprisoned.  Both parties and the Court operated under this understanding.**

5.   As part of my practice, I did not normally get involved in parole board hearings.  **I do not believe that I ever advised Mr. Johnson that the parole board could require him to serve the rest of his natural life in prison or any amount of time greater than 22 and one-half years.**

6.   Through my ignorance, I misled Mr. Johnson into believing that the maximum time he would serve was 22 and one-half years less the good time he earned.

Respondent's Exhibit 124, Affidavit, pp. 1-2 (emphasis added).[5]

Accordingly, petitioner maintains that under "the very terms of the plea agreement [he] is entitled to fulfillment of the conditions upon which [he] relied upon to waive a myriad of Federal Due Process Rights."

### 1.   <u>Due Process</u>

The Fourteenth Amendment guarantees all citizens, including those in prison, the right to due process under the law.  One of these due process rights is a prisoner's contract-based right to have the terms of his plea agreement enforced.  *Santobello v. New*

---

[5]   However, in a letter to petitioner dated December 10, 1992, I note that counsel advised petitioner regarding the proposed plea agreement as follows:  "Your sentence would be a pre-guideline sentence **and the Parole Board would have the option of overriding the minimum sentences.**  You know better than I the actual time that is being served by defendants who have been convicted of murder, as opposed to aggravated murder, but I was under the impression that the clients I have represented have generally served twelve years or less before release."  Respondent's Exhibit 125 (emphasis added).

*York*, 404 U.S. 257, 262-63 (1971). Under *Santobello*, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262.

In its dismissal of petitioner's state habeas action, the Malheur Circuit Court considered the terms of the plea agreement and found as follows:

> Defendant contends the Petition should be dismissed as it constitutes a challenge to Plaintiff's sentence and conviction, which is properly raised on direct appeal and in a Petition for Post Conviction Relief. However, the Petition does not appear to the Court to do this. Plaintiff specifically states his sentence is lawful and that he is not challenging his sentence. Rather, he contends he is subject to immediate release as he has served the minimum sentence imposed by the Court. This, if true, would be a proper basis for habeas relief. The issue appears to be whether the Plaintiff is being held unlawfully, not whether the underlying sentence was unlawful or incorrect.
>
> However, Plaintiff has failed to state a claim for relief on this ground. Plaintiff was sentenced to a minimum sentence of twenty-two and a half [years] and a maximum of life, an indeterminate sentence under the sentencing scheme in effect at that time, 1987. A determinate sentence of 22 ½ [years] was not legally possible at that time. The materials attached to the Petition clearly demonstrate that after the minimum sentence is served, Petitioner is then eligible to apply for release on parole to the Board of Parole and Post Prison Supervision, and that is where he should turn now for consideration for release.[6] There is nothing in his

----

[6] The Malheur Circuit Court did not have the benefit of reviewing the Board's August 1993 denial of parole or any of the subsequent briefs addressing the legality of the Boards's action-- which was ultimately upheld by the Oregon courts on appeal. Accordingly, the circuit court's determination that petitioner would be eligible to apply for release with the Board after he

10 - OPINION AND ORDER

> Petition that supports a claim for immediate release by
> this Court, either legally or factually.
>
> As Petitioner is one of the small and declining number of
> inmates who is subject to indeterminate sentencing, it is
> perhaps understandable that he might believe his sentence
> to be somehow determinate, but it simply is not.

Respondent's Exhibit 133, pp. 1-2.

My review of the record reveals that the prosecutor,
petitioner's counsel and the court understood that under the terms
of the plea agreement and based on known Board practice with
similar sentences, petitioner was unlikely to serve more than 22-
1/2 years in prison. Indeed, there are several references
indicating that with good time reductions he could do considerably
less time.[7] Moreover, as noted above, his attorney avers that he

---

served the minimum sentence stands at odds with the Board's
position that petitioner is ineligible for parole and is required
to serve a "true life" sentence. Nevertheless, the relevant
determination under review here involves the question of whether
the plea agreement provided for petitioner's release on parole at
the end of 22-1/2 years such that failure to release him at that
time violated and continues to violate his constitutional rights to
due process and equal protection. The Malheur Circuit Court
determined it did not. Rather, finding that a determinate sentence
requiring release after 22-1/2 years was not even legally possible
under applicable Oregon law, it concluded that the contract
provided for an indeterminate sentence with a possible life
sentence.

[7]  Respondent's Exhibits 122 & 123, Transcripts of Ex-Parte
Plea Negotiations (Prosecutors generally opined that petitioner
would be paroled under the proposed plea agreement and suggested he
could do as few as twelve (12) more years with good time credit).
However, in arguing in favor of the certainty of the plea
agreement, counsel stated: "we would rather have him in jail for
the minimum of 12 to 13 years with the credit, and perhaps up to 22
years, **and if the parole board finds other reasons to keep him in
longer**.". Respondent's Exhibit 122, pp. 31-32 (emphasis added).

11 - OPINION AND ORDER

misled petitioner regarding how much time he could serve. However, for the reasons set forth above, to extent that any such misrepresentation on counsel's part would render petitioner's plea invalid, the Court cannot review this argument. As a matter of contract interpretation, I must consider the specific terms of the written agreement, disclosures in the record acknowledging the fact that the Board has final say on matters of parole, and relevant Oregon law.

### **Written Plea Agreement**:

The following excerpts from the written plea agreement indicate that the Board, however unexpected its decision to deny parole might have been, acted within the contours of the agreement.

\* \* \*

3.    The defendant understands and agrees that ORS 163.115(3)(a) provides that **a person convicted of murder shall be punished by imprisonment for life.** ORS 163.115(3)(b) states that a defendant convicted for murder under this section shall receive a minimum of ten 10 years without possibility of parole. ORS 163.115(3)© provides that a defendant convicted under this section may have a judge impose the minimum term of up to an additional fifteen (15) years without possibility of parole in addition to the ten (10) year minimum set out in ORS 163.115(3)(b). **In the event parole is obtained,** defendant understands it would be for the remainder of his life.

\* \* \*

6.    The defendant stipulates and agrees that in regards to each murder conviction, **it is appropriate for the court to impose a sentence of life imprisonment** with a ten (10) year minimum sentence under ORS 163.115(3)(a) and (b) and that he should receive an additional 12-1/2

12 - OPINION AND ORDER

year minimum sentence consecutive to the ten (10) year
minimum sentence under Section ORS 163.115(3)©.

\* \* \*

15.   The District Attorney agrees that at defendant's
first Oregon State Parole Board prison term hearing, the
District Attorney will take no position concerning Mr.
Johnson's eligibility for parole date.   **However, the
District Attorney reserves the right to advise the Board
of Parole fully of the facts in the cases.**

16.   The defendant agrees that at the time of his first
hearing before the Oregon State Parole Board to set his
prison term, he will take no position contrary to the
trial court's imposition of  the 22 and ½ year minimum
sentence.    The defendant stipulates and agrees that
should he take a contrary position before the Board of
Parole, the District Attorney will not be required to
abide by its promise to take "no position" before the
Board of Parole regarding the appropriateness of this
sentence and disposition and the District Attorney may
advocate any other position it deems appropriate under
the circumstance.

17.   The parties agree that **if eligible,** defendant may
request that the Parole Board at personal review hearings
based upon statute or administration rule allow for good
time credits or any other reduction of sentence available
to prisoners similarly situated to defendant. . . .

\* \* \*

21.   The defendant understands and agrees that **there are
no other promises, representations or agreements between
the parties, express or implied, other than those
contained in this agreement** and further no threats have
been made to him by any officer, agent or employee of the
government   or   the   state   of   Oregon   to   obtain   his
agreement.

22.   The defendant specifically understands and agrees
with the terms of this agreement and he acknowledges that
he has consulted with his attorney and carefully reviewed
each and every condition and part of this agreement with
his attorney.   The defendant further acknowledges that it
is his desire to enter into this agreement.

13 - OPINION AND ORDER

23.    The defendant's attorney, Phillip Margolin,
specifically acknowledges that he is authorized to
represent the defendant in this criminal matter, and
that, as the defendant's attorney, he has carefully
reviewed each and every condition and part of this
agreement with defendant.   The defendant's attorney,
Phillip Margolin, further acknowledges that it is his
belief the defendant's decision to enter into this
agreement is an informed decision and is made freely,
knowingly, and voluntarily.

Respondent's Exhibit 103, pp. 1-5 (emphasis added).

### May 26, 1993 Plea Hearing:

At the plea hearing wherein the court accepted the parties'

plea agreement, petitioner's counsel acknowledged that the Board

has discretion on the issue of parole:

MR. MARGOLIN: Your Honor, if I might, that is -- I don't
believe that is accurate.  What Mr. Johnson has agreed
and what the State has agreed is -- **because we don't have
any control over the parole board.**  When the parole board
sets a review of his case, which they do within the first
year when he goes down to the penitentiary, Mr. Johnson
has agreed to take no position at that time and so has
the State.

In other words, both parties are going to keep hands off,
**and the parole board will do what it deems appropriate.**

\* \* \*

THE COURT: You're how old now, Mr. Johnson?

DEFENDANT: 36.

THE COURT: And you went to what grade in school?

DEFENDANT: Uhm, the 11th, and I got a GED, but I got
over 45, 50 hours of college credits.

THE COURT:  So you have no difficulty in reading or
writing?

14 - OPINION AND ORDER

DEFENDANT:  None, no.  My eyesight is clear.

THE COURT:  Have you had any difficulty in communicating with either of your two lawyers?

DEFENDANT:  No.

THE COURT:  Have either of you sensed any difficulty in communicating with Mr. Johnson?

MR. MARGOLIN: **Mr. Johnson is very intelligent, and we've had very thorough discussions about all of the terms and the plea agreement,** and it's been a very active working relationship between the three of us.

Respondent's Exhibit 104, pp. 21 & 23-24 (emphasis added).

### Applicable Oregon Law:

ORS 144.120(4) provides that "[n]otwithstanding subsection (1) of this section, in the case of a prisoner whose offense included particularly violent or otherwise dangerous criminal conduct * * *, the board may choose not to set a parole date."  As noted above, on review, the Board conceded that the result of not setting a parole date for an inmate serving a life term is to require him to serve a "true life" sentence.

OAR 255-35-030, the applicable Board rule interpreting ORS 144.120(4), provides in relevant part:

(1) Except when the result is life imprisonment, the Board, with a majority vote of members, may deny parole pursuant to ORS 144.120(4) when:

(a) the commitment offense included particularly violent or otherwise dangerous criminal conduct as defined by section 255-05-005(30);

* * *

15 - OPINION AND ORDER

(2) When the result of parole denial is life in prison, the Board shall agree unanimously.

* * *

(4) When the Board chooses not to set a parole release date, it shall clearly state on the record the facts and specific reasons for that decision.

## 2. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)(quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). However, some governmental actions are by their nature discretionary, involving a "vast array of subjective, individualized assessments." *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008). In such cases, it is not a violation of equal protection when one person is treated differently from another, because doing so is an accepted consequence of the discretion granted. *Id.*

Within the group of prisoners who, like petitioner, received indeterminate sentences, some may serve more time than others, but that is a permissible consequence of an indeterminate sentencing scheme with individualized parole consideration proceedings. Here, the Board considered petitioner for parole just as it did other

16 - OPINION AND ORDER

members of his "class", *i.e.*, prisoners serving indeterminate sentences. That upon its review of petitioner's history and the facts of his case the Board found "particularly violent and otherwise criminal conduct, manifesting an extreme indifference to the value of human life" and denied him parole does not mean it did not provide him the same individualized parole consideration extended to other inmates with comparable convictions and sentences. *See* Respondent's Exhibit 105-107. Accordingly, petitioner is not entitled to relief on his equal protection claims.

On this record, it is fair to conclude that the parties and the court believed that under the terms of the plea agreement, petitioner would serve no more than, and potentially less than, 22-1/2 years in prison. However, it is also fair to conclude that the parties, including petitioner, and the court were aware that the Board had final authority on the issue of parole. That the Board exercised its discretion in an unexpected way does not mean that the State or the court breached its agreement with petitioner, let alone that the State or the court violated petitioner's Constitutional due process or equal protection rights. All the prosecutor could do was recommend (or in this case "take no position concerning [petitioner's] eligibility for a parole date"

17 - OPINION AND ORDER

at the first Board prison term hearing).[8]  By the express terms of
the written plea agreement and in accordance with Oregon law at the
time, petitioner was subject to a life sentence.   In addition,
while the prosecutor understood and believed that petitioner would
not serve more than 22-1/2 years, he never promised that outcome,
nor could he have.

Finally, the Board was not a party to, and, hence is not bound
by, the plea agreement because it has no authority to prosecute
crimes in Oregon.   Thus, the Board, the actor responsible for
denying petitioner a parole release date, *i.e.*, for requiring that
he serve a "true life" sentence, cannot have breached a plea
agreement between petitioner and the prosecutor.  Ultimately, the
final decision on parole release is within the discretion of the
Board and the record supports a conclusion that the plea agreement,
acknowledgments made by counsel and the court regarding the Board's
independent authority on matters of parole, and relevant Oregon law
fairly advised petitioner of that fact.

Accordingly, given the agreement is for an indeterminate
sentence of life with a 22-1/2 year minimum, petitioner cannot
demonstrate that the State habeas court's denial of his claims was
contrary to, or involved an unreasonable application of, clearly

---

[8]   Petitioner does not allege that the prosecutor failed to
abide by this term or that he otherwise made representations to the
Board that were not in accord with the plea agreement.

established Federal law, as determined by the Supreme Court, or that the court's denial was based on an unreasonable determination of the facts.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus [2] is DENIED, and this case is DISMISSED, with prejudice. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this _25_ day of June, 2015.

Robert E. Jones
United States District Judge

19 - OPINION AND ORDER